UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

JOHN INSELL,

    Plaintiff,

v.                         Case No:  8:11 CV 1810 T 23 EAJ

UNITED STATES OF AMERICA,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JOHN INSELL, by and through his undersigned attorneys and sues Defendant, UNITED STATES OF AMERICA, and alleges:

### COMMON ALLEGATIONS

1.    That this case is brought pursuant to the Federal Tort Claims Act, 28 U.S.C.§2671, §2680, §1346(b) and §1402(b), Federal Law and the United States Constitution.

2.    That this Court has jurisdiction pursuant to 28 U.S.C. §1346(b)(1), in that it involves a claim for personal injury caused by the negligent or wrongful act or omission of an agency of the United States of America, to wit, U.S. Army Corp of Engineers.

3.    All conditions precedent and prerequisites to filing suit have been met pursuant to 28 U.S.C. §2675. Copies of the Claim for Damage, Injury or Death, Form SF95, which was filed with the Defendant on or about September 7, 2010 is attached as Exhibit "A" to the Complaint. As of the date of the filing of this Complaint, no offers of settlement have been made.

4.    This is an action for damages that exceeds the jurisdictional amount of this Court.

5.    At all times material hereto, Plaintiff, JOHN INSELL, was a resident of St. Petersburg,



Pinellas County, Florida.

6. At all times material hereto, Defendant, UNITED STATES OF AMERICA, was the owner of a 2009 Ford, operated by employee, William Turner.

7. On or about May 10, 2010, Plaintiff, JOHN INSELL, operated a motorized wheelchair and was involved in an accident that occurred on 5th Avenue South, approximately 5 feet from the intersection of 4th Street South's crosswalk, in St. Petersburg, Pinellas County, Florida. This accident happened when the Defendant, UNITED STATES OF AMERICA,'s employee, collided with the Plaintiff's, JOHN INSELL, motorized wheelchair.

## COUNT I

8. Plaintiff, JOHN INSELL, realleges paragraphs 1 through 7 and incorporates the same herein by reference.

9. On or about May 10, 2010, Defendant, UNITED STATES OF AMERICA, owned a motor vehicle, which was negligently operated by its employee, William Turner, 5th Avenue South, approximately 5 feet from the intersection of 4th Street South's crosswalk, in St. Petersburg, Pinellas County, Florida.

10. As operator of a motor vehicle, William Turner, has the duty to operate the Defendant's motor vehicle in a safe and reasonable manner.

11. On or about May 10, 2010, on 5th Avenue South, approximately 5 feet from the intersection of 4th Street South's crosswalk, in St. Petersburg, Pinellas County, Florida, Defendant, UNITED STATES OF AMERICA, breached that duty when it allowed its employee, William Turner, to negligently operated or maintained her motor vehicle so as to collide with the motorized wheelchair the Plaintiff, JOHN INSELL, was in.

12. As a result, Plaintiff, JOHN INSELL, suffered bodily injury that is permanent within a reasonable degree of medical probability and resulted in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings and loss of ability to earn money.

13. The losses are either permanent or continuing and Plaintiff, JOHN INSELL, will suffer the losses in the future.

14. Plaintiff, JOHN INSELL's, motorized wheelchair was damaged and Plaintiff lost the use of it during the period required for it's repair or replacement.

WHEREFORE, JOHN INSELL, demands judgment against the Defendant, UNITED STATES OF AMERICA, for money damages, including costs and any other relief this court deems appropriate and a trial by jury.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the Defendant with service of process.

R. STANLEY GIPE, ESQ.
PAPA & GIPE, P.A.
1724 Gulf to Bay Blvd.
Clearwater, Florida 33755
Phone: 727-461-4357
Fax: 727-443-3030
Fla. Bar No: 0187607
Attorney for Plaintiff

/kth

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully [instr]uctions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code |
|---|---|
| Susan Teddy, Esq. Department of Army Jack[son], Do[...] [...] [...] P.O. Box 4970 Jacksonville, FL 32232-00[19] | John Inseli c/o R. Stanley Gapes, Esq 1734 C[...] to B[...] Blvd Clearwater, FL 33755 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☐ CIVILIAN  N/A | 4. DATE OF BIRTH 10/21/30 | 5. MARITAL STATUS S | 6. DATE AND DAY OF ACCIDENT 5/10/10 | 7. TIME (A.M. OR P.M.) 5:14 pm |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

See attached traffic accident report.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Same

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

Motorized wheelchair at Mr. Inseli's home

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

See attached medical records + demand letter.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| C[...] Sengel-P[...] | 1168 Grove Creek[...] Dr. Riverview, FL 33569 |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| unknown | see attached | none | see attached |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| /s/ | 727-461-4357 | 9/7/10 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

**15. Do you carry accident Insurance?** ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☒ No

**16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?** ☐ Yes ☒ No

**17. If deductible, state amount.**

**18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim?** (It is necessary that you ascertain these facts).

N/A

**19. Do you carry public liability and property damage insurance?** ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK